**UNITED STATES, Appellee**

**v**

**CLIFFORD L. GILBERT, Private, U. S. Army, Appellant**

**16 USCMA 446, 37 CMR 66**

No. 19,628

December 16, 1966

*Major David J. Passamaneck* argued the cause for Appellant, Accused.

With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Captain Beverly B. Bates,* and *Captain Frank J. Martin, Jr.*

*Captain L. Dean Moore* argued the cause for Appellee, United States. With him on the brief were *Colonel Peter S. Wondolowski* and *Lieutenant Colonel Francis M. Cooper.*

## Opinion of the Court

KILDAY, Judge:

The appellant was convicted of separate specifications of larceny and absence without leave, and was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for one year. We granted his petition[1] to consider whether:

THE LAW OFFICER'S INSTRUCTION ON INTOXICATION AS AFFECTING SPECIFIC INTENT IN REGARD TO THE CHARGE OF LARCENY SHIFTED THE BURDEN OF PROOF TO THE DEFENSE, THEREBY PREJUDICING THE SUBSTANTIAL RIGHTS OF THE APPELLANT.

With reference to the charge of larceny, and the lesser included offense of wrongful appropriation, the law officer instructed the court on intoxication and specific intent as follows:

"Now you have heard evidence that the accused at the time of the alleged taking had had a considerable amount of alcohol to drink, and that this alcohol made him intoxicated. Now with reference to the evidence tending to show that the accused was intoxicated at the time of the alleged offenses of both larceny and wrongful appropriation—wrongful appropriation, always remember, is the lesser offense of larceny—you are advised that you may consider evidence of voluntary drunkenness in determining whether the accused had sufficient mental capacity to entertain the specific intent involved in the offense of larceny and the offense of wrongful appropriation.

"Now the specific intent involved in the offense of larceny is the intent to permanently deprive the owner of the property and the specific intent involved in wrongful appropriation is the intent to temporarily deprive the owner of the property. The fact that a person was intoxicated at the time he committed an offense does not necessarily show that he was deprived of his reasoning ability, for a person may be drunk and at the same time be aware of his acts and their nature and probable consequences. *The question raised by the evidence of voluntary drunkenness and presented for your determination is whether the accused was intoxicated to such a degree as to render him mentally incapable of entertaining the specific intent to permanently deprive or temporarily deprive the owner of the property."* [Emphasis supplied.]

The defense contends that since the instruction contained in the emphasized portion of the above-quoted paragraph posed the issue of intoxication with respect to its bearing on specific intent, without any concurrent mention of the burden of proof or the doctrine of reasonable doubt, with regard thereto, the law officer inferred that the defense had the burden of affirmatively establishing that the accused "was intoxicated to such a degree as to render him mentally incapable of entertaining the specific intent to permanently deprive or temporarily deprive the owner of the property."

Contrarily, the Government argues that the instructions should be read as a whole and that if an item is subject to two interpretations, the one made by the defense at trial is entitled to weight in assessing the matter on appeal. Under these circumstances, the express satisfaction of counsel with the instructions as given fully warrants the application of the principle of waiver. In any event, the Government maintains that even if the instruction

---

[1] We are concerned only with the charge of larceny, for the accused pleaded guilty to absence without leave and stands convicted of that offense.

is construed to shift the burden of proof, the appellant was not prejudiced since intoxication was not reasonably raised by the evidence and the instruction was a gratuity.

The obligation to give correct instructions rests squarely on the shoulders of the law officer. United States v Nickoson, 15 USCMA 340, 35 CMR 312, and cases cited therein. When the matter of instructions was being discussed with the law officer in an out-of-court hearing requested by defense counsel for that specific purpose, the latter requested that the law officer give the "standard instruction on intoxication which is in the Law Officer's Handbook, page 153."[2] The law officer agreed that he would so instruct. Trial counsel did not object but merely limited himself to the rhetorical query:

"So the two special instructions then will be on intoxication and the weight purposes for the admissibility?"

In the context of the evidence of record and the apparent agreement of those concerned as to the propriety of such an instruction in this case, it can hardly be urged that the issue of intoxication was not raised.

With regard to the instruction as given, it followed quite closely that portion of the handbook instruction to which it referred. However, as pointed out by appellate defense counsel, it did not go far enough since it failed to include the following additional paragraph, also from the same page of the handbook:

"In the light of all the evidence, if you have a reasonable doubt that the accused [was mentally capable of entertaining the . . . (specific intent) involved in] . . . the offense of . . . (————), you must find him not guilty of that offense."

Had this portion, or an appropriate adaptation thereof, been given it would have placed the matter before the court together with the proper standard by which they were to determine the issue. Without it the instruction is incomplete. Absent such emphasis there exists a reasonable possibility that the members judged the issue by the erroneous standard that the accused had to establish his mental incapacity to entertain the necessary specific intent. United States v Traweek, 16 USCMA 50, 36 CMR 206; United States v Odenweller, 13 USCMA 71, 32 CMR 71; United States v Burns, 2 USCMA 400, 9 CMR 30; cf. United States v Shaw, 13 USCMA 144, 32 CMR 144.

In support of its contention that the instructions should be read as a whole, Government counsel asserted in oral argument that while the law officer did not specifically relate reasonable doubt to the issue of intoxication, he did, in ten separate instances, correctly place the burden on the prosecution as to each element of the offense, to specific issues of fact, and as to the case as a whole. This is a most impressive figure, but it is all the more reason to believe, as we do, that his failure to specifically relate it to the issue of accused's intoxication, as it might have a bearing on his ability to entertain the specific intent to steal, was prejudicially erroneous. United States v Traweek, supra, with cases cited at page 56. We will not hold waiver where the issue concerns an essential element of the offense. United States v Rowan, 4 USCMA 430, 16 CMR 4.

The decision of the board of review is reversed. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Chief Judge QUINN and Judge FERGUSON concur.

---

[2] Appendix XII, Department of the Army Pamphlet No. 27-9, Military Justice Handbook: The Law Officer, April 1958.