UNITED STATES, Appellee

v

NORMAN J. LEECH, Specialist Five, U. S. Army, Appellant

18 USCMA 129, 39 CMR 129

No. 21,347

February 28, 1969

*Captain Francis A. Gilligan* argued the cause for Appellant, Accused. With him on the brief were *Colonel Daniel T. Ghent, Lieutenant Colonel Martin S. Drucker, Captain John Wall Hanft,* and *Captain Douglas J. Wold.*

*Captain Mark L. Rosen* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel David Rarick, Major Edwin P. Wasinger,* and *Captain Gregory U. Evans.*

### Opinion of the Court

DARDEN, Judge:

Contrary to his plea, the appellant was convicted by a general court-martial of committing an aggravated assault by shooting his victim with a .22 caliber rifle, thereby intentionally inflicting grievous bodily harm—a fractured arm. He was sentenced to a bad-conduct discharge, forfeiture of $80.00 per month for six months, and confinement at hard labor for the same period. The convening authority approved and the board of review thereafter affirmed but reduced the sentence to confinement

at hard labor for six months and forfeiture of $55.00 per month for the same period.

The question presented by this appeal is whether it was prejudicial error for the law officer to instruct the court-martial that grievous bodily harm, an essential element of the offense, had been established as a matter of law.

Specialist Five Macchio, the victim, is shown in this record to have been the willing and, in part, the welcomed intruder in the marital life of the accused. This triangle was somewhat altered, however, by the events of June 9, 1967, for on that evening, while a guest in the Leech apartment, he was shot twice by the accused—once in the arm. The weapon used by the accused was a "very old, pump action type .22 caliber rifle." According to stipulated medical testimony, Macchio suffered from a "fragmented fracture of the distal end of the humerous (arm bone) as a result of a gunshot."

Related instructions by the law officer required the court, in their determination of innocence or guilt, to find beyond a reasonable doubt that accused had assaulted the victim by shooting him with the rifle as described and that grievous bodily harm was both willfully and intentionally inflicted on the victim by the accused. Following a definition of the term "grievous bodily harm," the law officer then instructed, "In this case the injury actually inflicted on Macchio amounted in law to grievous bodily harm." The elements of assault with a dangerous weapon, a lesser included offense, were then itemized and again the law officer instructed, "The Court is further advised that in this case the injuries inflicted upon Macchio amounted in law to grievous bodily harm."

The same issue has been considered by the board of review. A majority of that body weighed the "instructions as a whole . . . [and] perceive[d] no prejudicial error," citing paragraph 207 *b*(2), Manual for Courts-Martial, United States, 1951, and United States v Dejewski, 3 USCMA 53, 11 CMR 53. The concurring board member found no prejudice emerging from the law officer's finding as a matter of law "what

130

the court additionally found as a matter of fact."

Appellate counsel for both parties seemingly agree that after the law officer's instructions, the character and degree of the injury inflicted by the accused upon his victim were no longer before the court as an issue of fact. Appellate Government counsel contend that a group of cases holds nonreversible an instruction that assumes an admitted or uncontroverted fact. Lyons v United States, 325 F2d 370 (CA9th Cir) (1963); United States v Salliey, 360 F2d 699 (CA4th Cir) (1966); Malone v United States, 238 F2d 851 (CA6th Cir) (1956).

Conversely, appellate defense counsel argue that other cases hold a court may not direct a verdict as to any fact. United States v England, 347 F2d 425 (CA7th Cir) (1965); Carothers v United States, 161 F2d 718 (CA5th Cir) (1947); Brooks v United States, 240 F2d 905 (CA5th Cir) (1957); Roe v United States, 287 F2d 435 (CA5th Cir) (1961).

No assessment of these cases need be made at this time, for the Court believes that here the crucial question is the correctness of the law officer's ruling. On this subject, we are satisfied that, given the choice, reasonable men might well have differed on the degree of the seriousness present in the victim's injury. It was, therefore, a point that should have been presented to the court for their determination. Any instruction to the contrary is necessarily prejudicial for the accused is entitled to have correct instructions given the court by the law officer on each element of the offense charged. United States v Walters, 10 USCMA 598, 28 CMR 164; United States v Clay, 1 USCMA 74, 1 CMR 74. The right is not waived by trial defense counsel's failure to interpose an objection. United States v Gilbert, 16 USCMA 446, 37 CMR 66.

This result does not run counter to paragraph 207*b*(2), Manual for Courts-Martial. There, fractured and dislocated bones are among enumerated injuries, the infliction of which amounts to grievous bodily harm. That paragraph is purely descriptive in nature

and does not purport to classify categorically as a matter of law those injuries that are grievous in nature. Moreover, this portion of the Manual for Courts-Martial clearly relates to a topic substantive in nature and, therefore, has no binding effect on the court. United States v Smith, 13 USCMA 105, 32 CMR 105; United States v Acosta-Vargas, 13 USCMA 388, 32 CMR 388.

Much the same can be said of United States v Dejewski, supra. The victim in that case was kicked into unconsciousness, suffering a fractured jaw, loss of teeth, impaired sight, and numerous cuts and bruises. Based on the defense contention that available evidence placed the existence of a fractured jaw in dispute, one of the issues raised on appeal was whether the law officer erred in not instructing on the elements of assault and battery, a lesser included offense. It was decided that instructions on lesser included offenses were unnecessary for "the evidence of the fracture being clear and unrebutted, 'grievous bodily harm' was established as a matter of law." United States v Dejewski, supra, at page 57. Properly interpreted, that opinion said no more than that, viewed from the appellate level, the evidence of record established the existence of a fracture and supported the conviction of the aggravated assault charged as a matter of law.

For the foregoing reasons, the findings and sentence are set aside. The decision of the board of review is reversed and the record of trial is returned to the Judge Advocate General of the Army for resubmission to the board of review. The board of review may affirm a finding of assault with a dangerous weapon, a lesser included offense instructed upon, the proof of which requires no showing of grievous bodily harm and reassess the sentence or order a rehearing.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.