UNITED STATES, Appellee

v

LAWRENCE SPEARMAN, Private First Class, U. S. Army,
Appellant

No. 27,620

April 12, 1974

*Major Franklin D. Arness* argued the cause for Appellant, Accused. With him on the brief was *Colonel Arnold I. Melnick.*

*Captain Joel M. Martel* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain Robert C. Roth, Jr.*

## OPINION OF THE COURT

DUNCAN, Chief Judge:

Found guilty of assault in which grievous bodily harm was intentionally inflicted, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928, the accused contends that the military judge erred to his prejudice in ruling that he could not grant a motion for finding of not guilty at the conclusion of the prosecution's case, notwithstanding his opinion that the element of grievous bodily harm was not established and that, in any event, the evidence is legally insufficient to prove that element of the offense.

Feeling that he had been bested in a previous altercation, the victim, Private Richard H. Barnett, approached the accused in their barracks' hall and, despite the accused's protestations, renewed the encounter. In response, the accused, who had armed himself with a steak knife in anticipation of the possibility that Barnett might assault him, stabbed his victim four times. Three of the stab wounds were in Barnett's side and one was in his shoulder.

Barnett was taken to the local dispensary and from there transported to the hospital for treatment. The wounds required stitching, and Barnett suffered the loss of some blood but, in his words, "Not too much." After treatment, he was apparently released from the hospital to duty. Inexplicably, the Government made no effort to produce medical testimony or records regarding the extent and severity of the wounds. It did, however, produce the weapon, a steak knife with a 4-inch blade, and introduced the accused's voluntary confession which states, in part:

> I pushed him up against the wall with my left arm and as I was pushing him up against the wall I was stabbing him with my right hand.

At the close of the prosecution's case, the defense moved for a finding of not guilty, based on the failure of the evidence to establish that Barnett had suffered grievous bodily harm. The judge declined to grant the motion in the belief that there was sufficient evidence to establish a lesser included offense, although he could not find grievous bodily harm to exist.

At the conclusion of the defense case, the judge again expressed doubt that there was any evidence of grievous bodily harm, and both parties initially expressed willingness to amend the specification to charge only the lesser included offense of assault with a dangerous weapon. After indicating that he would only instruct on this and other lesser offenses, the judge then stated that he had reconsidered the matter and would submit both the major offense charged and the lesser included offenses to the court.

In military law, a motion for a finding of not guilty is similar to a motion for judgment of acquittal in federal criminal practice. *Compare* Manual for Courts-Martial, United States, 1969 (Rev), paragraph 71*a*, *with* Fed R Crim P 29. See also Manual for Courts-Martial, United States, 1951, paragraph 71*a*; Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951 at 93; Department of the Army Pamphlet No. 27-2, Analysis of Contents, Manual for Courts-Martial, United States, 1969 (Rev) at 12-5. Both motions require the military judge or his counterpart in the United States District Court to consider whether the evidence would be sufficient to sustain a conviction of a lesser offense. See 2 Wright, Federal Practice and Procedure § 467 (1969).

Paragraph 71*a*, MCM, provides that the motion will not be granted

> [i]f there is any evidence which . . . could reasonably tend to establish every essential element of an offense charged or included in any specification to which the motion is directed.

Such language is not found in Fed R Crim P 29 or elsewhere in the federal rules. Our result in the case at bar does not require a determination of whether upon motion a military judge has authority to enter a judgment of acquittal to a greater offense and submit lesser included offenses to the jury. However, when a motion for a judgment of acquittal of the specific offense charged is overruled, this does not mean that an accused has no remedy in the event the Government fails to introduce sufficient evidence on the major offense charged but produces a *prima facie* case with respect to lesser included offenses. In such an instance, the accused may well be entitled to make a motion for appropriate relief and seek to have the mili-

tary judge instruct the factfinders that no evidence has been introduced as to the offense charged and that their consideration of the issue of guilt or innocence is limited to the lesser included degrees. See, generally, paragraph 69*f*, MCM; Department of the Army Pamphlet No. 27-9, Military Justice Handbook, the Law Officer (1958).

In this case, the accused phrased his request for relief as a motion for a finding of not guilty. Later, both the judge and the parties apparently realized that the relief sought might be obtained by appropriate amendment of the specification or an instruction to the court not to consider the offense charged. It was at this point that the judge determined to submit all offenses to the court, despite his earlier doubts concerning the sufficiency of the Government's case. But whether his failure to treat the motion for a finding of not guilty as a motion for appropriate relief or appropriately to instruct the court not to consider the offense charged was erroneous need not detain us. Assuming his ruling to have been incorrect, the question of prejudice to the accused depends on our assessment of whether there was in fact evidence in the record that supports findings of guilty of the major offense. Paragraph 71*a*, MCM. See also United States v Calderon, 348 US 160, 164 n 1 (1954).

█ Basically, the accused contends here that grievous bodily harm was not visited on the victim because he suffered only superficial cuts, none of which were disfiguring or disabling. We disagree with this characterization of the victim's injuries, for the record reflects that his wounds required hospital treatment, had to be stitched up, were "stab" wounds, and that at least three of them were in an area of the body containing the vital organs.

In United States v Dejewski, 3 USCMA 53, 11 CMR 53 (1953), we pointed out that the term "grievous," as it pertains to the offense under consideration, is used in its conventional sense, that is to say, an injury of a grave and serious character beyond that of an ordinary assault and battery, but that the term is incapable of precise definition. In the ordinary sense, whether the injuries are sufficiently serious to constitute grievous bodily harm is a question of fact best left to the court members. United States v Leech, 18 USCMA 129, 39 CMR 129 (1969). The defense concedes that, in deliberating on this question, it is fair to consider the nature of the accused's weapon, the manner of its use, and the ultimate injuries produced.

Here, the weapon was a knife with a pointed, 4-inch blade. The accused admitted that he used it to "stab" the victim four times, and the victim testified to his treatment at the hospital and the necessity of having the wounds stitched. All of these factors point unerringly to the seriousness of the victim's injuries, despite the fact that he was apparently immediately released to duty.

Generally, statutes punishing assaults involving the intentional infliction of grievous bodily harm require no more than in "injury which gives rise to apprehension of danger to health." 6 CJS *Assault and Battery* § 79 (1937). Various state authorities have concluded that such danger existed when there were stab wounds in the neck and ear, State v Parker, 7 NC App 191, 171 SE2d 665 (1970); the victim was badly beaten about the head and face and suffered an eye hemorrhage, State v McKeehan, 91 Idaho 808, 430 P2d 886 (1967); and when he was wounded in the fleshy part of the shoulder and beaten on the head with a revolver butt, State v. Peters, 274 Minn 309, 143 NW2d 832 (1966). The consideration common to these cases is that there was some injury more severe than that involved in the ordinary assault and that the issue is generally one best left to the factfinders. State v Parker, supra; State v Peters, supra. We believe that the same considerations apply here and that the victim's wounds in this case transcended any ordinary battery, endangered his health, and constituted injuries of such a serious nature as to amount to grievous bodily harm.

Consequently, we are of the view that the evidence is legally sufficient to support the findings of guilty and that the military judge's ultimate determination to submit the issue to the court-martial, despite his previous reservations, was correct. Thus, there was no error prejudicial to the accused's rights.

The decision of the United States Army Court of Military Review is affirmed.

Senior Judge FERGUSON concurs.

Judge QUINN concurs in the result.