UNITED STATES, Appellee,

v.

Nelson M. CORTES–CRESPO, Specialist
Four, U. S. Army Appellant.

No. 39,264.
CM 434897.

U. S. Court of Military Appeals.

Aug. 9, 1982.

For Appellant: *Major Linus Johnson* (argued); *Captain David M. England* (reargued); *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John T. Lymburner, Major Elliot J. Clark, Jr., Major Raymond C. Ruppert, Major Joyce Plaut, Captain Paul J. Moriarty* (on briefs); *Major Carlos A. Vallecillo.*

For Appellee: *Captain Peter M. Donawick* (argued and reargued); *Colonel R. R. Boller, Major Ted B. Borek, Major Robert B. Williams, Major John T. Edwards, Cap-*

tain Margaret R. LaFrance (on briefs); Captain Lawrence W. Fitting.

Amicus Curiae For Appellant: *Lieutenant Commander William A. DeCicco*, JAGC, USN (argued); *Commander Walter J. Landen, Sr.*, JAGC, USN (on brief).

Amicus Curiae For Appellee: *Commander Jay M. Siegel*, JAGC, USNR (argued); *Commander T. C. Watson, Jr.*, JAGC, USN, *Lieutenant J. G. Van Winkle*, JAGC, USN (on brief). *Lieutenant Colonel Bruce R. Houston*, USAF (argued); *Colonel James P. Porter*, USAF (on brief).

*Opinion of the Court*

FLETCHER, Judge:

Following affirmance of appellant's general court-martial by the Court of Military Review, this Court granted the following issue:

WHETHER THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO HAVE REBUTTED APPELLANT'S CLAIM OF MENTAL IRRESPONSIBILITY.

However, at the time of the initial oral argument on June 23, 1981, the Court expressed concern that the granted issue was unduly generalized. Our attention centered on the mental responsibility test of *United States v. Frederick*, 3 M.J. 230 (C.M.A.1977), and the proper instructions thereon to be given to fact finders. Consequently the Court specified these supplemental issues:

1. Is recognition of an insanity defense in courts-martial required by the Manual for Courts-Martial, United States, 1969 (Revised edition)?

2. Is recognition of an insanity defense in courts-martial required by the Uniform Code of Military Justice?

3. Is recognition of an insanity defense in courts-martial required by the Fifth Amendment or the Eighth Amendment to the United States Constitution?

4. (a) In courts-martial may court members be required or allowed to make special findings on the issue of mental responsibility?

(b) If so, what procedural provisions are appropriate for special findings on mental responsibility and would such special findings require the consent of all parties?

5. In light of any problems created by current military practice in connection with the insanity defense and in light of the handling of the insanity defense in other systems of justice, should insanity be viewed merely as a mitigating circumstance, rather than a defense to criminal liability?

6. Is there need for further judicial definition of *"mental disease or defect"* for purposes of determining mental responsibility?

7. Did the Army Court of Military Review provide an adequate definition of "mental disease or defect" for purposes of determining mental responsibility?

■ Relying on *United States v. Frederick, supra*, we hold that insanity is a defense at courts-martial as authorized by the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1969 (Revised edition). Article 51(b) and (c), UCMJ, 10 U.S.C. § 851(b) and (c); paras. 120–124, Manual, *supra; see also* Mil. R.Evid. 302; *Rostker v. Goldberg*, 448 U.S. 1306, 101 S.Ct. 1, 65 L.Ed.2d 1098 (1980).[1]

■ We further hold that if insanity is to be other than a full defense to an alleged offense, the obligation for change lies not with this Court but with the Congress of the United States. *See* U.S.Const. art. I, § 8, cl. 14.[2] The facts of this case, ad-

---

1. The legislative history likewise supports insanity as a complete defense at courts-martial. *See* Hearings on H.R. 2498 Before a Subcommittee of the House Committee on Armed Services, 81st Cong., 1st Sess., Index and Legislative History, Uniform Code of Military Justice, p. 1080 (1949).

2. Recent cases have focused attention on and stimulated renewed interest in existing proposals to change or modify the insanity defense. *See* Department of Justice, Attorney General's Task Force on Violent Crime, *Final Report* 54 (August 17, 1981); *see also* S. 818, 127 Cong. Rec. S2809 (March 26, 1981). We would hope that any statutory changes which might be

judged under the rule in *Frederick,* compel affirmance.

Turning to the ALI test under *Frederick,* we find that we can no better define the terms "mental disease or defect" than by the use of the terms themselves. In accepting the ALI definition, we appreciated the clarity of the phrase "mental disease or defect," and now believe that attempts at further definition will be confusing rather than clarifying.

Instructions given to a lay jury regarding the insanity defense must be clear, concise, and unambiguous. First, they should set forth that the defendant has denied criminal responsibility because of a mental disease or defect. Second, they should reflect that "mental disease or defect" does not "include an abnormality manifested only by repeated criminal or otherwise antisocial conduct." We also conclude that we can no better define "repeated criminal or otherwise antisocial conduct" than by the use of the terms themselves. Third, if the finder of fact has a reasonable doubt as to the fact of whether the defendant was suffering from a mental disease or defect at the time of the alleged commission of the offense, there should then be a finding of not guilty by reason of insanity.

In the instant case, appellant was originally tried by general court-martial with members at Camp Casey, South Korea, and found guilty, contrary to his pleas, of premeditated murder, in violation of Article 118, UCMJ, 10 U.S.C. § 918. The convening authority approved the sentence which included a dishonorable discharge, total forfeitures, confinement at hard labor for life, and reduction to the lowest enlisted grade.

However, the Court of Military Review, on August 22, 1977, set aside the findings and sentence stating, "As there was evidence to the effect that appellant's ability to adhere to [sic] right was significantly but not totally impaired, we believe there was a fair risk of prejudice from the failure to use the ALI standard." *United States v. Cortes-Crespo,* CM 434897, unpublished opinion, p. 2 (A.C.M.R. August 22, 1977).

This led to a subsequent retrial by general court-martial—this time before a military judge alone—where appellant was convicted of the same offense[3] and received the same sentence previously adjudged. This was approved by the convening authority and affirmed by the Court of Military Review. 9 M.J. 717 (C.M.R.1980).

Based on *United States v. Frederick, supra,* we affirm the decision of the United States Army Court of Military Review.

Chief Judge EVERETT and Judge COOK concur.

---

forthcoming would be specifically applicable to the military justice system.

**3.** General Court-Martial Order Number 65, dated 4 May 1978, reflects that the specification of which appellant was convicted included the words "in the chest." However, General Court-Martial Order Number 14, dated 17 June 1976, reflects that the quoted words were ex-

cepted in the findings at the first trial and findings of not guilty were entered as to the excepted words. In addition the amendment at the rehearing to the specification reflected at R. 10 has not been included in GCMO 65. A corrected order should be accomplished and a copy provided to the Clerk of this Court.