**UNITED STATES, Appellee,**

v.

**Sergeant James D. BARDWELL, Jr., SSN 263–29–6932, United States Army, Appellant.**

**CM 442988.**

U. S. Army Court of Military Review.

20 June 1983.

---

7. Army Regulation 27–10, *supra,* paragraph 16–4e (Change 17, 15 August 1977).

Colonel William G. Eckhardt, JAGC, Captain James A. McAtamney, JAGC, and Captain Peter L. Yee, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Thomas E. Booth, JAGC, and Captain Gary L. Hoffman, JAGC, were on the pleadings for appellee.

Before CLAUSE, COKER and HANFT, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

In accordance with his pleas, appellant was convicted by the trial judge sitting as a General Court-Martial of attempted rape and assault with intentional infliction of grievous bodily harm in violation of Articles 80 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 928 (1976). His adjudged sentence of a dishonorable discharge, confinement at hard labor for ten years, and forfeiture of all pay and allowances was reduced by the convening authority to a dishonorable discharge, confinement at hard labor for eight years, and forfeiture of all pay and allowances. Before this Court, the appellant for the first time alleges: that the evidence is insufficient to prove that his actions were anything more than mere preparation rather than an attempt; that the trial judge erred in failing to explain the defense of mental responsibility; and that the trial judge erred in accepting the appellant's plea after evidence of lack of mental responsibility was presented to the court. We disagree.

The trial judge conducted a detailed inquiry of the appellant as to the facts of the charges. It was established that the appellant gained entrance to the victim's home by subterfuge. He did so with the specific intent to rape her. He put his arm

around her and pointed a knife at her in order to secure her cooperation and consent to sexual intercourse. He told her that he wanted her and that if she cooperated, no harm would come to her. At that time, an assault with a dangerous weapon and a distinct threat of serious bodily harm had been completed and done so with the intent to rape. These actions constituted substantial steps in a direct movement toward the commission of the offense of rape and firmly demonstrated the appellant's intent "to have sexual intercourse without her consent by force." *United States v. Gonzalez-Rodriguez,* 7 M.J. 633 (A.C.M.R.); *petition denied,* 7 M.J. 263 (C.M.A.1979).

■ The only evidence concerning his mental responsibility was presented in Defense Exhibits L and M, and Prosecution Exhibits 4 and 7 during presentencing procedures. In all four exhibits, it was stated that the appellant suffered from a personality disorder. All further stated that the appellant did not, as a result of mental disease or defect, lack the substantial capacity to appreciate the criminality of his acts or to conform his conduct to the requirements of law. This evidence established the mental responsibility of the appellant pursuant to the military standard. *United States v. Frederick,* 3 M.J. 230 (C.M.A.1977). This standard was not changed by *United States v. Cortes-Crespo,* 13 M.J. 420 (C.M.A. 1982). In that case the Court of Military Appeals implicitly recognized that whether a medical condition of personality disorder could be a mental disease or defect is a question of fact. *See, United States v. Walker,* 14 M.J. 824, 829 (A.C.M.R.1982), *petition denied,* 15 M.J. 397 (C.M.A.1983). In the case now before us, the psychiatric report (Prosecution Exhibit 7) specifically stated that the appellant had no psychiatric disease or defect. The report of the defense psychologist (Defense Exhibit L) provided specific factual bases for his determination of the appellant's mental responsibility. We find that no evidence of a general or partial lack of mental responsibility of the appellant was presented to the court during the inquiry or presentencing procedures. There was, therefore, no duty or responsibility on the trial judge to explain the defenses of lack of mental responsibility to the appellant, or to conduct further factual inquiry. His acceptance of the appellant's pleas of guilty was proper. *United States v. Davenport,* 9 M.J. 364 (C.M.A. 1980); *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

The findings of guilty and the sentence are affirmed.