ANDERSON, Judge:
We have examined the record of trial, the four assignments of error,[1] and the Government’s response. We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. See Art. 59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a) and 866(c)(1994) [hereinafter UCMJ].
A military judge sitting as a general court-martial found the appellant guilty, pursuant to his pleas, of attempted desertion and assault in which grievous bodily harm was inflicted in violation of Articles 80 and 128, UCMJ, 10 U.S.C. §§ 880 and 928. The appellant was sentenced to confinement for 6 years, forfeiture of all pay and allowances, reduction to pay grade E-l, and a dishonorable discharge. The convening authority approved the sentence adjudged, but he suspended all confinement in excess of 48 months, and he suspended forfeitures in excess of $583.00 pay per month for the period from the time the appellant is released from confinement until his discharge is ordered executed.
In his first assignment of error, the appellant contends that the military judge erred in *914 accepting his plea of guilty to assault in which grievous bodily harm was inflicted because the wound inflicted did not constitute grievous bodily harm. We disagree.
For this court to find a plea improvident, the record of trial must show a substantial basis in law and fact for questioning the guilty plea. United States v. Prater, 32 M.J. 433, 436 (C.M.A.1991); United States v. Logan, 22 C.M.A. 349, 351, 47 C.M.R. 1, 3, 1973 WL 14641 (1973). In this ease, the stipulation of fact and the appellant’s responses during the providence inquiry establish that the appellant stabbed his sleeping roommate in the chest with a knife that had a blade 2 inches long and over 1 inch wide. The appellant admitted that he imbedded the entire length of the blade into the victim’s chest causing a deep stab wound. The victim required hospital treatment and at least eight stitches to close the wound. Such a wound clearly constitutes grievous bodily harm.
Although our superior court has concluded that the term grievous bodily harm is incapable of precise definition, nonetheless, the term has been found to encompass deep cuts and wounds that transcend an ordinary battery and endanger health. United States v. Spearman, 23 C.M.A. 31, 33, 48 C.M.R. 405, 407, 1974 WL 13829 (1974). See also Manual for Courts-Martial, United States (1995 ed.), Part IV, H 54c(4)(a)(iii). Where, as here, the wound was a stab wound that required hospital treatment, needed to be stitched up to close, and was located in an area of body containing vital organs, the wound is grievous. Spearman, 23 C.M.A. at 33, 48 C.M.R. at 407. While the amount of force needed to inflict the injury may have been slight and internal stitches may not have been necessary, the record is clear that the victim was left with a 2 to 4-inch jagged scar on his chest, was placed on light duty or bed rest for a month, and still occasionally experiences chest pain. Considering the nature of the appellant’s weapon, the manner of its use, and the ultimate injury produced, we believe that the victim’s wound in this case transcended an ordinary battery, endangered the victim’s health, and constituted an injury of such a serious nature as to amount to grievous bodily harm. Id.
Consequently, we are satisfied that a sufficient factual predicate exists to support the plea of guilty and we find nothing in the record inconsistent with the plea. Thus, we hold the plea to be provident. The first assignment of error is without merit.
In his second assignment of error, the appellant contends that his sentence is inappropriately severe. We disagree.
We have carefully reviewed the record of trial and find that the sentence is appropriate in all respects for these offenses and this offender. United States v. Snelling, 14 M.J. 267, 268 (C.M.A.1982). The appellant was convicted of two serious offenses that cut at the heart of good order and discipline. First, with premeditation and malice aforethought, he stabbed his Marine roommate in the chest in the middle of the night while the roommate was sleeping. Next, he fled the scene of the crime, and prior to being apprehended by military authorities, he attempted to permanently abandon his unit. Not only was his misconduct abhorrent, it was dishonorable as well. Under the facts and circumstances of this case, we find that the sentence is not inappropriately severe.
We are confident that the military judge gave individualized consideration to the nature of the offenses and the character of the offender in reaching a just sentence. We note that the appellant bargained for, and benefited from, his negotiated plea agreement, which reduced the confinement imposed on him by 2 years. The convening authority also considered the sentence to be appropriate, and he honored the pretrial agreement even though the appellant was found to have violated the terms of the agreement by assaulting a fellow prisoner while serving his sentence to confinement. To grant sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority. United States v. Spurlin, 33 M.J. 443, 444 (C.M.A.1991); United States v. Healy, 26 M.J. 394, 395-96 (C.M.A.1988). The second assignment of error is without merit.
In his third assignment of error, the appellant contends that at the time he committed *915 the offenses, he lacked mental responsibility because of his paranoid schizophrenia. We disagree.
Prior to trial, the trial defense counsel asked the convening authority to request an examination under Rule for Courts-Martial 706, Manual for Courts-Martial, United States (1995 ed.) [hereinafter R.C.M.], to determine whether the appellant lacked the mental responsibility for the offenses. Thereafter, an R.C.M. 706 board was conducted by LT K, MSC, USNR, a staff psychologist. This board determined that at the time of the offenses, the appellant did not have a mental disease or defect and that he was able to appreciate the nature and quality of the wrongfulness of his conduct. The board did note that the appellant had an Axis II diagnosis of “Avoidant Personality Traits.” At trial, the appellant pleaded guilty, and he admitted that at the time of the offenses, he knew his conduct was wrong. Record at 25.
During the post-trial process, the appellant’s defense counsel requested another mental examination of the appellant to determine whether he possessed the mental capacity to understand the nature of the appellate proceedings and to participate intelligently in the process. This request was based in part on the appellant being diagnosed several months after trial as suffering from schizophrenia. This diagnosis was made both by a psychiatrist, LCDR K, MC, USN, and by LT K, the officer who had performed the pretrial R.C.M. 706 inquiry. LT K indicated that he had “[s]everal concerns” about the mental health of the appellant that “ha[d] manifested themselves subsequent to the initial 706 Board.” Accordingly, a second R.C.M. 706 board was conducted by two staff psychologists, CAPT H, MC, USN and LT L, MC, USN. This board found no evidence of a presently existing major psychiatric illness and concluded that the appellant had sufficient mental capacity to understand and cooperate intelligently in the appellate proceedings. The board did note that the appellant had an Axis I diagnosis of a “Psychotic Disorder NOS” (psychotic disorder, not otherwise specified).
Despite the results of these two R.C.M. 706 boards, the appellant now requests a post-trial fact-finding hearing to determine if, at the time of the offenses, he was mentally responsible for his actions. See United States v. DuBay, 17 C.M.A. 147, 37 C.M.R. 411, 1967 WL 4276 (1967). He offers three reasons for his request: (1) LT K did not receive his permanent psychologist license until 2 months after he conducted the first R.C.M. 706 board, and thus he did not have the proper qualifications to conduct the board; (2) during his post-trial treatment of the appellant at the brig, LT K revised his diagnosis of the appellant; and (3) the staff psychologist currently treating the appellant suggested in an affidavit that it is “possible” that the appellant was suffering from paranoid schizophrenia at the time of the offenses. None of the reasons offered by the appellant warrants the ordering of a post-trial hearing.
With respect to the licensing issue, R.C.M. 706(e)(1) requires that every member of a sanity board be “either a physician or a clinical psychologist.” Although LT K had not received his permanent license at the time he conducted the appellant’s initial R.C.M. 706 board, he nevertheless was a doctoral-level psychologist who had graduated from an internship and who operated under the supervision of a licensed provider. Furthermore, he possessed a provisional license and served as a staff psychologist. As such, the Bureau of Medicine and Surgery considered him a “clinical psychologist,” competent to perform R.C.M. 706 boards. Not only do we find no reason to disagree with the Bureau’s designation, we independently conclude that LT K had the necessary expertise to conduct an R.C.M. 706 board. See United States v. Jancarek, 22 M.J. 600, 602-04 (A.C.M.R.1986) (examination by physician who had completed psychiatric residency held to be equivalent of sanity board).
With respect to the revised diagnosis issue, the appellant has failed to demonstrate any relevance between the differing results of LT K’s post-trial diagnosis and his time-of-the-offenses diagnosis. Article 50a, UCMJ, provides that “[i]t is an affirmative defense in a trial by court-martial that, at the time of the commission of the acts constituting the offense, the accused, as a result of a severe *916 mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of the acts.” Art. 50a(a), UCMJ, 10 U.S.C. § 850a(a). In addition, “[t]he accused has the burden of proving the defense of lack of mental responsibility by clear and convincing evidence.” Id.; See United States v. Dubose, 47 M.J. 386 (1998). Although LT K’s diagnosis of the appellant may have changed, we find no evidence indicating that the new diagnosis of schizophrenia constitutes a severe mental disease or defect, that it was in effect at the time of the commission of the acts, or that it caused the appellant to be unable to appreciate the wrongfulness of his actions. Thus, the new diagnosis has no relevance to the mental competence of the appellant at the time of the offenses. In this regard, we also note that the appellant’s diagnosis changed from the first R.C.M. 706 board to the second board — from Axis I, Avoidant Personality Traits, to Axis II, Psychotic Disorder NOS. Nonetheless, neither R.C.M. 706 board found that the appellant suffered from a severe mental disease or defect or that he failed to appreciate the wrongfulness of his actions.
With respect to the issue of the opinion of the current treating psychologist, the fact that this psychologist has found it “possible” that the appellant was suffering from paranoid schizophrenia at the time of the offenses is insufficient to warrant any relief. For this court to find a plea improvident, the mere possibility of a defense is not enough. United States v. Roane, 43 M.J. 93, 98-99 (1995). Additionally, the affidavit of the psychologist does not reasonably raise a defense of lack of mental responsibility. Nowhere does he indicate that paranoid schizophrenia would constitute a severe mental disease or defect or that this disorder would cause the appellant to fail to appreciate the wrongfulness of his actions. The presumption in favor of mental responsibility continues until the appellant establishes, by clear and convincing evidence, that he was not mentally responsible at the time of the alleged offenses. Art. 50a, UCMJ, 10 U.S.C. § 850a; R.C.M. 916(k)(3)(A). By failing to present any evidence concerning his lack of mental responsibility, the appellant has not met his burden of proof.
Like many other affirmative defenses, the defense of lack of mental responsibility is subject to the rule of waiver. R.C.M. 905(e). In this case, where nothing was presented at trial warranting the ordering of an R.C.M. 706 inquiry and where the defense was not raised by the appellant, the defense was waived and may not be asserted for the first time on appeal. United States v. Lewis, 34 M.J. 745, 750 (N.M.C.M.R.1991). The third assignment of error has no merit.
Finally, in an assignment of error raised pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), the appellant contends that both this court and the trial court lacked jurisdiction over him because prior to his enlistment, he received emotional counselling and had eczema, and therefore, his enlistment was fraudulent. We conclude that this assignment of error is without merit. The appellant voluntarily submitted to military authority by enlisting on 25 October 1995, met the mental competence and minimum age qualifications at the time of his enlistment, received pay and allowances, and performed military duties for over 7 months prior to committing the offenses. As such, he was subject to the jurisdiction of the court-martial and this court. Art. 2(a)-(c), 10 U.S.C. § 802(a)-(c).
Accordingly, we affirm the findings and the sentence, as approved on review below.
Chief Judge OLIVER and Judge LEO concur.

. I. THE MILITARY JUDGE ERRED IN ACCEPTING A PLEA OF GUILTY TO CHARGE III, A VIOLATION OF ARTICLE 128, UCMJ, (ASSAULT IN WHICH GRIEVOUS BODILY HARM IS INFLICTED) WHERE THE PROVIDENCE INQUIRY NEVER ESTABLISHED THAT GRIEVOUS BODILY HARM WAS INFLICTED.
II. A SENTENCE INCLUDING A DISHONORABLE DISCHARGE, FORFEITURE OF ALL PAY AND ALLOWANCES AND SIX YEARS IN CONFINEMENT IS INAPPROPRIATELY SEVERE GIVEN THE NATURE OF THE OFFENSE AND THE INJURY INFLICTED UPON THE VICTIM.
III. AT THE TIME APPELLANT COMMITTED THE OFFENSE OF WHICH HE WAS FOUND GUILTY, HE LACKED MENTAL RESPONSIBILITY BECAUSE OF HIS PARANOID SCHIZOPHRENIA.
IV. BOTH THIS COURT AND THE LOWER COURT LACK JURISDICTION OVER APPELLANT BECAUSE PRIOR TO ENLISTING, APPELLANT HAD RECEIVED EMOTIONAL COUNSELLING AND HAD ECZEMA, AND THEREFORE, APPELLANT’S ENLISTMENT WAS FRAUDULANT [sic].