**214**

UNITED STATES, Appellee,

v.

Captain Jerry W. MITCHELL, U.S.
Army, Appellant.

No. 41,781.

CM 438532.

U.S. Court of Military Appeals.

March 28, 1983.

For Appellant: *Captain James A. Mc-Atamney* (argued); *Colonel Edward S. Adamkewicz, Jr., Major Joyce E. Plaut* (on brief); *Colonel William G. Eckhardt.*

For Appellee: *Captain Thomas E. Booth* (argued); *Colonel R.R. Boller, Lieutenant Colonel John T. Edwards* and *Captain Paul K. Cascio* (on brief).

*Opinion of the Court*

FLETCHER, Judge:

◼ At appellant's general court-martial[1], he was convicted, *inter alia,* of two specifications of a violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, solicitation of another to violate a lawful general regulation. While no objections to the instructions regarding solicitation were registered at trial, we granted review to determine whether these instructions were prejudicially erroneous. 12 M.J. 305 (1981). Appellant urges this Court to set aside the contested findings because the trial judge instructed the court that solicitation under Article 134 requires only general intent as opposed to specific intent. After close examination, we have concluded that failure to require a finding of specific intent renders the pertinent instructions fatally defective.

We turn, first, to the language of the instruction of the military judge in this case which apparently follows the model instructions set forth in paragraph 4–178, *Military Judges' Guide,* DA PAM 27–9 (May 1969):

---

1. Appellant was tried by a general court-martial with officer members. Contrary to his pleas, he was found guilty of two specifications of solicitation of another to violate a lawful general regulation, three specifications of conspiracy to blackmarket, and three specifications of violation of a lawful general regulation (ration control), in contravention of Articles 134, 81, and 92, Uniform Code of Military Justice, 10 U.S.C. § 934, 881, and 892, respectively. Appellant was sentenced to dismissal from the service and to pay a fine of $10,000. The convening authority approved the sentence. Note that the Action of the Convening Authority dated August 6, 1979, omits the word "be" after the word "will" in the last sentence. The Court of Military Review affirmed. 11 M.J. 907 (1981).

You are advised that before the accused may be found guilty of Specification 1 of Charge I, you must be satisfied by lawful and competent evidence beyond a reasonable doubt, that in the Republic of Korea, on or about 28 November 1978, the accused wrongfully solicited Private First Class Richard E. Funk, to disobey a general regulation, to wit: paragraph 36k, Eighth Army Regulation 60–1, to purchase duty free goods for illegal transfer and production of income through blackmarketing activities; that such statement or solicitation or conduct of the accused constituted solicitation to commit the offense of the disobedience of a general regulation; and, that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline in the armed forces or was of a nature to bring discredit upon the armed forces. You are further advised that the elements of the offense allegedly solicited or induced are as follows: that, there was in effect a certain, lawful general regulation in the following terms: paragraph 36k of Eighth Army Regulation 60–1 which states that the following activities are prohibited and are subject to prosecution by US or ROK authorities: purchasing goods for illegal transfer or production of income through sale, barter, or exchange. For example, blackmarketing activities; that the accused had a duty to obey such regulation; and, at the time and place alleged, the accused violated this lawful general regulation by wrongfully purchasing duty free goods for illegal transfer and production of income through blackmarketing activities. *Now, I caution you that solicitation refers to any statement, oral or written, or any other act or conduct which may reasonably be construed as a serious request or advice to bring about the offense named in the specification.* Now, there is no evidence that the—there is no requirement that the offense solicited need, actually, have been committed, however, each and every element of the offense must have been solicited. Now, with regard to the last element of the offense,

you are further advised that to the prejudice of good order and discipline, refers only to acts directly prejudicial to good order and discipline and not to acts which are prejudicial only in a remote or indirect sense. An irregular or improper act on the part of a member of the military service, can scarcely be conceived which may not be regarded as in some indirect or remote sense prejudicing discipline, but Article 134 does not contemplate such distant effects and is confined to cases in which the prejudice is reasonably direct and palpable. Discredit as used in Article 134 means to injure the reputation of. It refers to conduct which has a tendency to bring the service into disrepute or which tends to lower it in public esteem. Now, you are advised that the elements of Specification 2 of Charge I, each of which you must be convinced that the government has established by lawful competent evidence beyond a reasonable doubt before the accused may be convicted, are as follows: that, in the Republic of Korea, during the month of November 1978, the accused wrongfully requested or solicited Specialist Four Donald E. Waltermyer to disobey a general regulation, to wit: paragraph 36k, Eighth Army Regulation 60–1, dated 1 May 1978, to purchase duty free goods for illegal transfer and production of income through blackmarket activities; that such statement or conduct constituted solicitation to commit the offense of the disobedience of a general regulation; and, that under the circumstances, the conduct of the accused was to the prejudice of good order and discipline or was of a nature to bring discredit upon the armed forces. Now, again, you are advised that the elements of the offense allegedly solicited are as I have previously explained to you with regard to Specification 1 of Charge I. And, you are, again, *further advised that solicitation refers to any statement, oral or written, or any other act or conduct which may reasonably be construed as a serious request or advice to commit the offense named in the specification.* And, again, it is not necessary that the government establish

that the offense solicited, actually, be committed. However, the conduct of the accused in soliciting the offense, must embrace each and every element. That is, he must have solicited the person allegedly solicited, that is, Specialist Four Waltermyer to commit acts which would embrace each and every element of the offense allegedly solicited. You are advised that there is no lesser included offense in issue with regard to Charge I and its Specifications or for that matter, as to any charge and its specifications. I will instruct you on variance of findings by exceptions and substitutions. However, there is no lesser included offense, as the law defines that term, in issue with regard to any charge or specification in this case.

(Emphasis added.) These instructions contain nothing from which one could infer the necessity for a finding of specific intent.

 We, therefore, must inquire whether a conviction under Article 134 does, in fact, require specific intent. In doing so we must first contrast the requirements of Article 82, UCMJ, 10 U.S.C. § 882, with those of the general crime of solicitation. While Article 82 does not explicitly delineate the intent required, we conclude that specific intent is implicit within the statutory language making it a crime to solicit another to desert, mutiny, or commit an act of sedition or misbehavior before the enemy. See W. LaFave and A. Scott, Handbook on Criminal Law 418–20 (1972). The historical intent requirement for the mutiny, sedition, and desertion predecessors to Article 82 is somewhat obscure. But it is clear that Winthrop held that the offense of exciting a mutiny or sedition required specific intent. W. Winthrop, Military Law and Precedents 582–84 (2d ed. 1920 Reprint). He, likewise, believed that advising another to desert required a "serious intent." Id. at 654. The current direction of the law, moreover, defines solicitation as a specific intent crime. "[S]olicitation is an act, and, without too much doubt, one done with an intent to commit some other crime." Clark and Marshall, A Treatise on the Law of Crimes § 4.05 (7th ed. 1967). Furthermore,

paragraph 161, Manual for Courts-Martial, United States, 1969 (Revised edition) states:

A solicitation in violation of this article [Article 82] is complete when a solicitation is made or advice is given with the wrongful intent to influence another or others to commit any of the four offenses named in the article.

(Emphasis added.) Article 82 itself is related to 18 U.S.C. §§ 1381 and 2387, both of which statutes require specific intent. See Dunne v. United States, 138 F.2d 137 (8th Cir.1943), cert. denied, 320 U.S. 790, 64 S.Ct. 205, 88 L.Ed. 476 (1943); Firpo v. United States, 261 F. 850 (2nd Cir.1919). All of the foregoing considerations convince us that Article 82 requires proof of specific intent.

The Government, in its answer to the petition for grant of review, additionally asserted a distinction that our case law does not support. It sought to distinguish the intent required for conviction of offenses enumerated in Article 82 (characterized by appellate Government counsel as "offenses which strike at the heart of military effectiveness") from the intent required for solicitation offenses not therein enumerated and chargeable under Article 134. The decisions of this Court in United States v. Oakley, 7 U.S.C.M.A. 733, 735 n. 1, 23 C.M.R. 197, 199 n. 1 (1957), and United States v. Isbell, 1 U.S.C.M.A. 131, 134–35, 2 C.M.R. 37, 40–41 (1951), support a contrary conclusion.

The President also has recognized that solicitation of crimes under Article 134 is potentially equal in seriousness to those solicited under Article 82. This is revealed by examination of the comparative maximum sanctions now provided at a general court-martial. We note that prior to the 1969 Manual revision no maximum punishment was set forth for solicitation offenses other than those charged under Article 82, UCMJ. See United States v. Oakley, supra at 735–36, 23 C.M.R. 199–200. As a result of this revision it was provided:

Unless otherwise provided in the Table, any person subject to the Code who is found guilty of soliciting or inducing an-

other person to commit an offense which, if committed by one subject to the Code, would be punishable under this Table, shall be subject to the maximum punishment authorized for the offense solicited or induced, except that in no case shall the death penalty be imposed nor shall the period of confinement in any case, including offenses for which life imprisonment may be adjudged, exceed 5 years.

Para. 127c n. 7, 1969 Manual, *supra.* Such additional recognition leads us to concur in the analysis of the United States Navy Court of Military Review that where the permissible punishment is of such severity, being directly joined to punishment for the offense solicited, the solicitor must have the specific intention that the substantive crime be committed. *See United States v. Benton,* 7 M.J. 606 (N.C.M.R.1979), *pet. denied,* 8 M.J. 227 (1980). There is no logical distinction to be made between Articles 82 and 134 in terms of the specific intent required to prove the crime of solicitation.

While in the instant case, no objection was made to the instruction at trial, there is no waiver of a defect relative to an essential element of the offense. *United States v. Buchana,* 19 U.S.C.M.A. 394, 41 C.M.R. 394 (1970); *United States v. Gilbert,* 16 U.S.C.M.A. 446, 37 C.M.R. 66 (1966); *see also United States v. Gaiter,* 1 M.J. 54 (C.M. A.1975).

The decision of the United States Army Court of Military Review is reversed as to Charge I and its specifications. The findings thereon are set aside and Charge I and its specifications are dismissed. Inasmuch as the military judge instructed the members that the solicitation offenses were multiplicious with the completed offenses for purposes of sentencing, no sentence reassessment need be ordered. Accordingly, in all other respects the decision of the Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COOK concur.