UNITED STATES, Appellee,

v.

Barbara L. NORVELL, Captain, U.S. Air Force, Appellant.

No. 59,241.
ACM 26067.

U.S. Court of Military Appeals.

Sept. 27, 1988.

For Appellant: *Major William J. Reichart* (argued); *Colonel Leo L. Sergi* (on brief).

For Appellee: *Lieutenant Colonel Morris A. Tanner, Jr.* (argued); *Colonel Joe R. Lamport* and *Lieutenant Colonel Robert E. Giovagnoni.*

## OPINION OF THE COURT

### EVERETT, Chief Judge:

The basic facts in this case are not in dispute. Appellant is a nurse in the United States Air Force. On September 24, 1986, she received an order to submit a urine sample in conjunction with the Air Force's random drug-testing program. After receiving this order, she used a catheter to inject a saline solution into her bladder and provided the saline as a urine sample. Four days later, during an overnight exercise, she explained to an enlisted person what she had done. This conversation was overheard and provided a basis for an investigation which led to the charges against her.

Before a military judge sitting alone as a general court-martial, appellant pleaded guilty to wrongfully using marijuana (Charge I), and of conduct unbecoming an officer by "wrongfully and dishonorably" catheterizing herself (specification 1 of Charge II) and by "disgracefully and dishonorably communicat[ing] to an enlisted person ... how to conceal use of marijuana by catheteriz[ation] ... and that she had performed that procedure [on] herself" (specification 2 of Charge II). These acts violated Articles 112a and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 933, respectively. She was sentenced to dismissal from the Air Force, 3 months' confinement, and total forfeitures.[1] We granted review of the following issues:

---

1. In accordance with a pretrial agreement, the confinement was not approved by the convening authority. In addition, the Court of Military Review, on the authority of *United States v.*

### I

WHETHER THE MILITARY JUDGE ERRED IN NOT CONSIDERING SPECIFICATIONS 1 AND 2 OF CHARGE II AS MULTIPLICIOUS FOR BOTH FINDINGS AND SENTENCING PURPOSES.

### II

WHETHER THE MILITARY JUDGE'S CONVICTION OF APPELLANT OF SPECIFICATION 2 OF CHARGE II WAS IMPROPER AND A NULLITY AT LAW BECAUSE SPECIFICATION 2 OF CHARGE II FAILS TO STATE AN OFFENSE.

### I

■ Appellant's first argument, that the charges under Article 133 are multiplicious, is deceptively simple. Her premise is that conduct that is "unbecoming an officer and a gentleman [lady]" under Article 133 must consist of activity that is known by at least one other individual, since "unbecoming" implies a loss of esteem in the eyes of some third party. Therefore, it is an implicit element of the offense which must be alleged and proved that some individual be made aware of the conduct. She concludes that, since it is the communication of her conduct to another which is the basis for the second Article 133 specification, the two specifications allege the same elements and are therefore multiplicious.

Appellant's argument, while perhaps superficially attractive, fails in every material respect. We have never held (and appellant cites no authority for the proposition) that conduct must be "published" or otherwise communicated in order for it to be "unbecoming an officer." Conduct which is entirely unsuited to the status of an officer and gentleman often occurs under circumstances where secrecy is intended.

*Warner,* 25 M.J. 64 (C.M.A.1987), reduced the forfeiture to $1000 pay per month for 6 months but otherwise affirmed in an unpublished memorandum opinion.

Conduct has been found to violate Article 133 in a number of cases where the accused intended that no one other than himself be aware of the activity. *See, e.g., United States v. Lindsay,* 11 M.J. 550 (A.C.M.R.1981), *pet. denied,* 11 M.J. 361 (1981) (lying to criminal investigator); *United States v. Halliwill,* 4 C.M.R. 283 (A.B.R. 1952). It is, of course, obvious that *someone* must eventually become aware that the conduct has occurred; otherwise, there could be no prosecution for the offense. However, this is no less true for any other crime. Obviously, the knowledge of some third party, which must *necessarily* exist before any crime can be exposed and prosecuted, is not an element of every offense under the Uniform Code; and there is no reason for it to be an element of Article 133.

The fact that the words of the Article "unbecoming an officer and a gentleman [lady]" imply a value judgment does not change the analysis. That the offense requires the factfinder to make a value judgment concerning the accused's conduct provides no basis for implying that the conduct must somehow be communicated or public in order to violate Article 133. Therefore, the elements in the two specifications are not co-extensive, and there is no multiplicity under this theory.

■ There is also no basis for the argument that specification 1 is a lesser-included offense of specification 2 under *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). *See United States v. Zubko,* 18 M.J. 378 (C.M.A.1984); R.C.M. 1003(c)(1)(C), Manual for Courts-Martial, United States, 1984. Under specification 1, the Government had to prove that appellant catheterized herself in order to avoid detection for marijuana use. To prove specification 2, the Government only had to show that appellant had *told* an enlisted person that she knew how to conceal use of marijuana and that she had performed the catheterization procedure on herself. The Government was under no obligation to prove that she had *actually* catheterized herself in order to sustain a conviction under specification 2. The conduct alleged to be disgraceful under specification 2 was not the catheterization—that was already covered in specification 1—but her disclosure of it in the particular circumstances. Her conduct, for example, under specification 2 would have been equally disgraceful had she been lying about actually performing the procedure on herself. Therefore, each specification requires proof of a fact that the other does not, so the specifications are not multiplicious. *See United States v. Baker,* 14 M.J. 361 (C.M. A.1983).

II

■ Appellant also argues that specification 2 of Charge II, charging her disclosure of the catheterization, does not state an offense. This is contrary to the defense position at trial, where defense counsel acknowledged that she was "satisfied that the specification [2 of Charge II], as it's stated presently, states an offense under 133, without the addition of the knowledge of the enlisted person as to the status of the accused at the time she communicated that information."

At the outset, it is important to make our function clear in this case. Appellant pleaded guilty to this specification and admitted in the guilty-plea inquiry that her conduct in disclosing the catheterization procedure and communicating the fact that she had performed it on herself was conduct unbecoming an officer. It is not the function of this Court to second-guess the correctness of appellant's tactical decision to plead guilty to this charge. She could have placed the burden on the Government to convince the factfinder that her conduct was unbecoming an officer, but she chose not to do so. Despite the fact that much of appellant's brief is directed to convincing this Court that, under the circumstances of the case, her conduct was not unbecoming an officer, we will not undertake to determine whether a factfinder would have found her conduct as being unbecoming an officer had she chosen to plead not guilty. *See* Art. 67(d), UCMJ, 10 U.S.C. § 867(d).

Our function in this case is to examine the face of the pleadings and make a judgment whether the allegations meet the minimum standard of legal sufficiency set out in *United States v. Sell*, 3 U.S.C.M.A. 202, 206, 11 C.M.R. 202, 206 (1953). In this context, it means that we must decide whether the specification

> contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what [s]he must be prepared to meet; and, in case any other proceedings are taken against h[er] for a similar offense, whether the record shows with accuracy to what extent [s]he may plead a former acquittal or conviction. Furthermore, when the pleadings have not been attacked ... [at trial], it is enough to withstand a broadside charge that they do not state an offense, if the necessary facts appear in any form or by fair construction can be found within the terms of the specification.

*Id.* If the specification pleads conduct which is facially innocuous, the fact that the accused pleaded guilty to the charge will not save it for the Government. *See United States v. Lockstrom*, 48 C.M.R. 202, 204 (A.F.C.M.R.1974). If, however, sufficient facts are pleaded that could reasonably be found to constitute conduct unbecoming an officer, the conviction will be upheld.[2]

The elements of a violation of Article 133 are

> (1) That the accused did or omitted to do certain acts; and
> (2) That, under the circumstances, these acts or omissions constituted conduct unbecoming an officer and ... [lady].

Para. 59b, Part IV, Manual, *supra*. The judge advised appellant that the second element "means behavior in an official capacity which, in dishonoring or disgracing the individual as a commissioned officer, seriously detracts from her character as a lady." It requires "misbehavior more serious than slight, and of a material and pronounced character. It means conduct which is morally unfitting and unworthy, rather than merely inappropriate or unsuitable."

The challenged specification alleges that appellant

> did, at Nellis Air Force Base, Nevada, during September 1986, disgracefully and dishonorably communicate to an enlisted person, who she then knew to be an enlisted person, that she knew how to conceal use of marijuana by catheterizing the bladder, voiding the urine, and then injecting a saline solution, which solution would then be voided and offered as urine during an officially conducted urinalysis, and that she had performed that procedure on herself.

There is little doubt that these actions could constitute conduct unbecoming an officer. The specification charges that the officer communicated to an enlisted person at least two serious acts of misconduct: the use of marijuana and an attempt to evade discovery by, in effect, tampering with evidence. It is obvious that someone acquiring such knowledge would tend to view appellant, and thus the officer corps, with diminished respect.

Appellant attempts to avoid the force of this conclusion by arguing:

> The communication itself was neither disgraceful [n]or dishonorable; only the underlying act of catheterization was putatively disgraceful and dishonorable ... The communication did not solicit, advocate, or offer to conspire to commit any criminal act and was not in any way inherently illegal. The subject matter was not classified or a national defense secret. It was not done in offensive language, in a derisive or disrespectful manner or in a loud or boisterous voice.

There is no question that appellant would have been justified in making these arguments to the factfinder had she chosen to

---

**2.** Appellant's standing to challenge a specification on appeal after a voluntary plea of guilty is considerably less than if she had put the Government to its proof. *United States v. Watkins*, 21 M.J. 208 (C.M.A.1986); *United States v. Hoskins*, 17 M.J. 134 (C.M.A.1984).

plead not guilty to the offense charged. None, however, is sufficient for us to conclude that the specification fails as a matter of law. There is no requirement that an offense be otherwise criminal to constitute a violation of Article 133. *United States v. Tedder*, 24 M.J. 176 (C.M.A.1987); *United States v. Taylor*, 23 M.J. 314 (C.M. A.1987). There also is no authority for the proposition that a communication cannot violate Article 133 unless the *manner* in which it is delivered is unbecoming. *See United States v. Taylor, supra* 23 M.J. at 318 (officer's request that another person commit an offense can constitute an Article 133 violation).

Appellant suggests that, if this Court upholds the charge against her, it would create an "anomaly" whereby any officer who confesses to a criminal act—whether it be to a civilian, a co-worker, or a law-enforcement officer—would automatically violate Article 133. This suggestion ignores the obvious fact that whether an act is unbecoming an officer may depend upon the specific circumstances surrounding that act. Communications which are unbecoming an officer under some circumstances may not be unbecoming under others.

Appellant had no legitimate reason to disclose this information to an enlisted person, and she had to recognize its potential for adversely reflecting upon her character as an officer. In addition, disclosing a procedure not widely known to other military personnel with no legitimate reason for doing so enhances the likelihood that others will utilize the procedure to evade discovery for their own use of drugs. This undermines the effectiveness of drug-abuse programs, which rely upon urinalysis, and appellant should have understood that her communication carried this potential.

We conclude, then, that the specification charging appellant with communicating the procedure for concealing marijuana use by catheterization and with communicating her personal use of the procedure in order to do so is sufficient to state an offense under Article 133 of the Code.[3]

## III

The decision of the United States Air Force Court of Military Review is affirmed.

Judge COX concurs.

SULLIVAN, Judge (concurring):

I agree with my Brother's excellent opinion and only add this. "Lead by example" —a basic tenet of leadership—has been violated. The Captain disclosed a fake drug-testing method to an enlisted person in a direct command relationship with her. Clearly, this is conduct unbecoming an officer because it encourages unlawful conduct by subordinates. *Parker v. Levy*, 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974).

---

3. Appellant argues that any adverse effect on good order and discipline that her disclosures could create should have been charged under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, rather than Article 133. The fact, however, that an offense could have been charged under another Article says nothing about whether it is chargeable under Article 133. *See* para. 59c(2), Part IV, Manual for Courts-Martial, United States, 1984 (Article 133 "includes acts made punishable by any other article").