# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

### Konal J. DOBSON,
### Seaman Apprentice (E-2), U.S. Coast Guard

### CGCMS 24246

### Docket No. 1185

### 5 March 2004

Special Court-Martial convened by Commanding Officer, U. S. Coast Guard Group Eastern Shore. Tried at Washington Navy Yard, Washington, DC, on 6 January 2003.

| | |
|---|---|
| Military Judge: | CDR Brian M. Judge, USCG |
| Trial Counsel: | LCDR Christine N. Cutter, USCG |
| Defense Counsel: | LT Nancy J. Truax, USCG |
| Appellate Defense Counsel: | LT Melissa J. Harper, USCG |
| Appellate Government Counsel: | LT Sandra J. Miracle, USCG |

### BEFORE
### PANEL EIGHT
### BAUM, PALMER, & CAHILL
Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by special court-martial, military judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of wrongfully soliciting another to violate 14 U.S.C. § 88(c) (2003) by communicating a false distress message to the Coast Guard, in violation of Article 134, Uniform Code of Military Justice (UCMJ). The judge sentenced Appellant to a bad-conduct discharge, confinement for one month, reduction to E-1, and forfeiture of $767 pay for one month, which was approved by the Convening Authority, unaffected by the pretrial agreement's sentence terms.

Appellant has assigned one error, that his guilty plea was not provident because the military judge failed to resolve inconsistencies between the plea and Appellant's statements.

This assignment has been fully briefed and orally argued to the Court.  In a nutshell, despite advising a friend to make a false distress call to a Coast Guard watch stander in Ocean City, Maryland, which resulted in the launching of two search boats, Appellant contends that his guilty plea and finding of guilt should be set aside as improvident for three reasons: (1) that the facts developed in the plea inquiry do not establish knowledge by the individual solicited that his call would violate a pertinent federal statute, (2) that Appellant's answers to the military judge do not establish knowledge by him or the person solicited of the natural and probable consequences of a false call, and (3) that the plea inquiry did not elicit facts establishing that Appellant's act was prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces.

Appellant admitted soliciting a friend to call the watch stander at Appellant's Coast Guard unit in Ocean City, Maryland, to report a false flare sighting in the waters off Ocean City.  Appellant and his friend were in Pennsylvania at the time and the judge was made aware that both, Appellant and his friend, knew the flare sighting was false.  Appellant provided his cell phone for the false distress call and acknowledged telling his friend what to say.  He advised the judge that he knew the call violated a federal statute, but that his friend did not.  This answer provides the basis for Appellant's first argument, since one of the elements of the offense, as explained by the military judge, is that the person solicited must know that the act requested is part of a criminal venture.  Appellant's argument on this point is essentially that only awareness that the false distress call violated a federal statue, thus making the call a crime, will satisfy that necessary knowledge element.  We disagree.  The act of making a false distress call is not innocent on its face, as was the act of buying rat poison in *United States v. Oakley*, 7 USCMA 733, 23 CMR 197 (C.M.A. 1957), and use of an ATM card in *United States v. Higgins,* 40 M.J. 67 (C.M.A. 1994), cases cited by Appellant in support of his argument.  In those cases only additional knowledge would make the acts a crime, that the rat poison was to be used to poison a human in *Oakley*, and that the ATM card and bank account in *Higgins* did not belong to the accused.  Here, no additional information was needed to convey criminality to the venture.  It is clear from Appellant's responses that his friend had to know that reporting a non-existent emergency to the Coast Guard was wrong.  There is no way the friend could have thought the act was innocent.  Knowledge of a federal statute criminalizing this act was not necessary to satisfy the criminal venture element, in our view.

According to Appellant, he and his friend intended the call as a joke on the Coast Guard and the watch stander, which Appellant sees as, somehow, supporting his argument of the friend's lack of knowledge of the call's criminality. To the contrary, knowledge by the friend that he was tricking the Coast Guard into believing that lives or property may have been at risk was knowledge of the call's wrongfulness, despite characterizing it as a joke. When asked by the judge, what, from his experience, he would expect the watch stander to do in response to a genuine Search and Rescue call, Appellant responded that he would expect the watch stander to alert the OOD and possibly launch a search team, which is what happened. This satisfies the element of knowledge of natural and probable consequences for Appellant, despite his statement that he did not think of the consequences at the time. He argues, however, that his knowledge does not translate to knowledge by his friend. That outlook is belied by Appellant's earlier explanation to his friend of what he did in the Coast Guard and how he had just qualified as a watch stander. Although the precise details of that conversation were not conveyed to the judge, it is unreasonable to assume that an explanation by Appellant of what a watch stander does would not have included the steps to be taken upon receiving a distress call. Appellant's answers provide an adequate factual basis for the judge and this Court to conclude that Appellant's friend had knowledge of the natural and probable consequences of the telephone call he was asked to make.

Lastly, Appellant contends that there is a factual deficiency with respect to the element requiring Appellant's conduct to be prejudicial to good order and discipline or of a nature to bring discredit upon the armed forces. Again, we must disagree. Appellant revealed that when he solicited his friend to make the call they were in a tattoo parlor with other friends, and that those people, who could hear what was going on, knew he was in the Coast Guard. From our viewpoint those facts are sufficient to support a conclusion that Appellant's act of soliciting a false distress call that could be seen and heard by civilians who knew his status in the Coast Guard brought discredit upon the armed forces. Furthermore, the fact that two searches were instituted by station personnel in response to the call, as related by Appellant in the plea inquiry, establishes that his act of solicitation was prejudicial to good order and discipline. "To establish an adequate factual predicate for a guilty plea, the military judge must elicit 'factual

circumstances as revealed by the accused himself that objectively support that plea.'" *United States v. Jordan*, 57 M.J. 236, 238 (2002)(quoting *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980). The foregoing discussion demonstrates that this requirement was met in all the areas challenged by Appellant. Accordingly, Appellant's assignment of error is rejected.

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.

Judges PALMER and CAHILL concur.



For the Court,

Roy Shannon Jr.
Clerk of the Court