# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DAVID D. BRAM**
**United States Army, Appellant**

ARMY 20111032

Headquarters, I Corps
Kwasi Hawks, Military Judge (arraignment)
David L. Conn, Military Judge (trial)
Lieutenant Colonel John T. Rothwell, Acting Staff Judge Advocate

For Appellant: Captain Aaron A. Inkenbrandt, JA (argued); Major Vincent T. Shuler, JA; Captain Aaron A. Inkenbrandt, JA (on brief).

For Appellee: Captain Timothy C. Erickson, JA (argued); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Sean Fitzgibbon, JA; Captain Timothy C. Erickson, JA (on brief).

20 November 2014

---------------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
---------------------------------------------------------------------

CAMPANELLA, Judge:

A panel composed of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of conspiracy to commit assault and battery, failure to obey a general order, dereliction of duty, maltreatment of a subordinate, assault consummated by battery, obstruction of justice, and solicitation of another to commit murder in violation of Articles 81, 92, 93, 128, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 893, 928, and 934 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for five years, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

On 29 September 2014, we issued an opinion in this case wherein we affirmed the findings and sentence approved by the convening authority. *United*

*States v. Bram*, ARMY 20111032, 2014 CCA LEXIS (Army Ct. Crim App. 29 Sept. 2014) (mem. op.).

On 2 October 2014, appellate defense counsel filed a motion for reconsideration with this court, asserting that: (1) "This court misapplied the specific intent required to establish the offense of solicitation under Article 134, UCMJ"; and (2) "This court's decision overlooks material legal and factual matters." We have reconsidered our decision in light of appellant's assertions and again affirm the findings and sentence as approved by the convening authority.

In his motion for reconsideration, appellant argues that we misconstrued the *mens rea* requirement for the offense of solicitation as provided in Article 134, UCMJ, and improperly relied on inapplicable precedents in support of our holding. Specifically, appellant points to the following portion of our decision:

> Solicitation is a specific intent offense. *United States v. Mitchell*, 15 M.J. 214, 216 (C.M.A. 1983). Although the mens rea requirement is classified as one of specific intent, all that is required, generally speaking for commission of this offense is that the solicitee understand he is being recruited into some criminal enterprise. *United States v. Taylor*, 23 M.J. 314 (C.M.A. 1987).

(Appellant's Motion for Reconsideration at 2 (quoting *Bram*, 2014 CCA LEXIS 735, at *8)).

Appellant, relying on our superior court's decision in *Mitchell*, asserts that "[t]he offense of solicitation requires proof beyond a reasonable doubt that the accused specifically intended 'the substantive crime be committed.'" (Appellant's Motion for Reconsideration at 3 (citing *Mitchell*, 15 M.J. at 217)). Moreover, he claims "[m]ere proof that the solicitation was reasonably construed by the solicitee to be a serious request to commit an offence is insufficient . . . [and] [i]n this case, the government was required to prove that [appellant] specifically intended the murder of a noncombatant." (Appellant's Motion for Reconsideration at 3 (citing *Mitchell*, 15 M.J. 215-17)).

Appellant's recitation of our decision as well as the applicable legal standards is accurate. However, his assertion that they are somehow inconsistent is not. Rather, they represent two distinct components of the offense of solicitation: (1) the specific intent of the solicitor; and (2) the awareness of the solicitee that he is being recruited to take part in a criminal venture.[1] This proposition more squarely relies

---

[1] While it is necessary that the solicitee appreciate the solicitation as an invitation to join a criminal plan, the specific intent of the solicitee is not an element of the offense. *United States v. Higgins*, 40 M.J. 67, 69-70 (C.M.A. 1994); *see also United States v. Oakley*, 7 U.S.C.M.A. 733, 735, 23 C.M.R. 197, 199 (1957).

on *United States v. Higgins*, 40 M.J. 67 (C.M.A. 1994) and *United States v. Oakley*, 7 U.S.C.M.A. 733, 23 C.M.R. 197 (1957) than *Taylor*, 23 M.J. 314. Both components are necessary, and here both are not only present, but are also supported by proof beyond a reasonable doubt.

Contrary to appellant's assertion that "under this erroneous legal standard [this court] could not have determined whether the evidence was legally and factually sufficient to establish [appellant's] specific intent to murder noncombatants," we have indeed (1) applied the correct legal standard by evaluating whether appellant *specifically intended* to murder noncombatants, and (2) concluded that appellant did in fact harbor this specific intent when he invited SPC Q to participate in his scheme to shoot and kill fleeing motorcyclists.

Additionally, we have no doubt that SPC Q fully appreciated that appellant sought his participation in a plan to kill noncombatants, and "no additional information was needed to convey criminality to the venture." *United States v. Dobson*, 59 M.J. 751, 754 (C.G. Ct. Crim. App. 2004). The fact that appellant's scheme was hatched in an environment where properly identified lethal threats could have been lawfully targeted pursuant to the rules of engagement is relevant, but in no way dispositive in appellant's case. *See id.* at 754 (distinguishing between facially illegal conduct and otherwise legitimate activities that require "additional information to convey criminality to the venture.").

As solicitation is a specific intent offense, a mistake of fact need only be honest in order to constitute a defense. Here, the evidence does not support, or even raise the defense that appellant honestly believed he was not soliciting the commission of the substantive crime. Appellant disclosed to SPC Q that he planned to conceal, in a trail of dust, the shooting of fleeing motorcyclists until he could plant weapons near the victims in order to make the shooting "look legitimate." This eliminates any doubt that this was anything but a criminal venture well outside the bounds of the rules of engagement or law of armed conflict. "[A]nyone complying with [appellant's] request would regard himself as a participant in a conspiracy to carry out the purpose" of killing people whom they were not authorized to kill. *Higgins*, 40 M.J. at 69 (quoting *Oakley*, 7 U.S.C.M.A. at 735, 23 C.M.R. at 199).

Having addressed the mistake of fact defense, we now turn to the defense of justification. Specifically, in order for appellant's invitation to engage fleeing individuals to be a justified solicitation, that invitation must have been extended in the proper performance of a legal duty. Furthermore, that legal duty may have been imposed by order. If that is the defense's position—that appellant was justified in issuing that invitation because he was just following orders to solicit others to indiscriminately target fleeing motorcyclists—then that defense would not apply if appellant knew such an order or instruction to be unlawful or a person of ordinary sense and understanding would have known it to be unlawful. *See* Rule for Courts-Martial 916(c), (d); Rule for Courts-Martial 916(d) discussion. This language of "a

person of ordinary sense and understanding" readily invokes the concept of "reasonableness," which underlies our inclusion of that concept in our analysis of the applicability of the justification defense.

In conclusion, we find that neither the defense of honest mistake of fact to the specific intent crime of solicitation nor the defense of justification was raised by the evidence.

On consideration of the entire record and the assigned errors, the findings and sentence as approved by the convening authority are AFFIRMED.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court